**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF DISCIPLINE OF EFREM A. ROSENFELD, BAR NO. 5110. | No. 64288 |
| IN THE MATTER OF DISCIPLINE OF EFREM A. ROSENFELD, BAR NO. 5110. | No. 66871 |

**FILED**

OCT 09 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### *ORDER REJECTING CONDITIONAL GUILTY PLEA*

Docket No. 66871 is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that we approve a conditional guilty plea in exchange for a stated form of discipline pursuant to SCR 113 for attorney Efrem A. Rosenfeld. Under the agreement, Rosenfeld admitted to over 200 violations of the Rules of Professional Conduct arising from numerous grievances. The agreement provides for a five-year suspension, retroactive to October 30, 2013, which is when Rosenfeld effectively quit practicing law, to be followed by a two-year probationary period, and conditions.

The findings and recommendations of a disciplinary hearing panel, though persuasive, are not binding on this court. *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). Having reviewed the record, we reject the conditional guilty plea because we conclude that the extensive conditions set forth therein are more appropriately addressed at

15-30745

the time of any reinstatement proceedings concerning Rosenfeld. Accordingly, we remand this matter to the Southern Nevada Disciplinary Board for further proceedings.[1]

It is so ORDERED.[2]



_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Pickering

---

[1]As the recommendations that (1) Rosenfeld be suspended for five years retroactive to October 30, 2013; and (2) as a condition precedent to applying for reinstatement, Rosenfeld must pay the entire amount of restitution identified in the agreement appear appropriate, this court would be inclined to approve a revised conditional guilty plea including such provisions, without the other extensive conditions in the current agreement.

[2]In light of these proceedings, we will take no further action on the documents regarding Rosenfeld filed in Docket No. 64288 indicating that suspension and/or disability inactive status might be appropriate as a result of Rosenfeld's actions and almost immediate subsequent hospitalization and withdrawal from practicing law. Additionally, this order constitutes our final disposition of this matter. Any further proceedings concerning Rosenfeld shall be docketed as a new matter.

cc: Landis Law Group
State Bar of Nevada/Las Vegas
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Jeffrey R. Albregts
Perry Thompson, Admissions Office, United States Supreme Court